## FANTINI v. READING CO.

### No. 8647.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 8, 1944.

Decided Feb. 12, 1945.

Writ of Certiorari Denied May 7, 1945.

Herbert Zelenko, of New York City, and John J. Corcoran, Jr., of Jersey City, N. J. (Stephen A. Machcinski, of New York City, on the brief), for appellant.

George Gildea, of Trenton, N. J. (Katzenbach, Gildea & Rudner, of Trenton, N. J., on the brief), for appellee.

Before MARIS, GOODRICH, and Mc-LAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Appellant's intestate had been a crossing watchman in the employ of the Reading Company. On January 12, 1942, while engaged in the performance of his duties at the Tulpehocken Street crossing, West Reading, Pa., he was struck and instantly killed by a locomotive attached to a train of the appellee. Suit was started for damages for his death under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. At the conclusion of the plaintiff's case, on motion for the defendant, the Court directed a verdict in favor of the defendant on the ground that there was no evidence of negligence on the part of the defendant. The appellant contends that the case should have been submitted to the jury on this question.

Tulpehocken Street runs north and south. The railroad tracks cross it from east to west. The only witness testifying for the plaintiff was John A. Mell who was proceeding by automobile north on Tulpehocken Street towards the railroad crossing. About 200 feet from the crossing he saw the now deceased at the crossing, with his stop sign in his hand and facing south. About 30 feet from the crossing Mell started turning in to a yard on his left. At that time Fantini was standing with his stop sign on the northwest side of Tulpehocken across the tracks about two or three feet north of the most northerly rail. At the same time a train approached the crossing from the west. The next thing Mell saw was Fantini flying through the air. The locomotive and the cars it was pulling, though proceeding east, were on the westbound track. Mell estimated its speed as between 30 and 40 miles an hour. He did not remember whether or not a whistle had been blown as the train approached the crossing. The only other testimony offered in connection with the accident were three company rules. These had to do with: where a crossing watchman should stand; the signal to be given when running against traffic and approaching stations, curves or other points where view may be obscured; and the regular crossing signal to be given when a train approaches a crossing.

■ The right of action conferred by the Federal Employers' Liability Act rests upon requisite proof of the employer's negli-

gence as to the proximate cause of the employee's injury or death. Barry v. Reading Company, 3 Cir., 147 F.2d 129, confirmed on rehearing. In Tennant v. Peoria & Pekin Union Railroad, 321 U.S. 29, 64 S. Ct. 409, which is cited by the appellant, the Supreme Court stands firmly on that same principle. In that case it was not disputed that the rule, requiring an engine bell to be rung when an engine was about to move, had been violated. See also the latest expression of the Supreme Court on this question in Blair v. Baltimore & Ohio R. Co., 65 S.Ct. 545. In Sweeting v. Pennsylvania R. Co., 3 Cir., 142 F.2d 611, also referred to by the appellant, there was an element of res ipsa loquitur present, in addition to a direct inference of negligence from the testimony.

■ In this case there is nothing before us but the sad fact that this unfortunate accident did occur. With no proof of any negligence on the part of the appellee, the judgment must be affirmed.

Affirmed.